675 So.2d 1023 (1996)
W.G.T., Father of C.B.T., a minor child, Appellant,
v.
B.C., Appellee.
No. 95-4541.
District Court of Appeal of Florida, First District.
June 25, 1996.
Arlene C. Huszar, Florida Institutional Legal Services, Inc., Gainesville, for Appellant.
D. Randall Briley of Harris, Guidi, Rosner & Mordecai, P.A., Jacksonville, for Appellee.
*1024 PER CURIAM.
W.G.T., who is presently incarcerated on Death Row at Florida State Prison, appeals an order denying his petition seeking visitation with his minor son, C.B.T., and other relief. We affirm the denial of visitation, but remand to the trial court for consideration of W.G.T.'s request that he be provided information about his child's welfare.
By order dated December 23, 1993, C.B.T. was placed in the temporary custody of his maternal aunt and uncle. Visitation between W.G.T. and his son had been suspended pending approval of the child's therapist to reinstate supervised visitation, and the order provided that "contact with the father shall be pursuant to the recommendation of the therapist or further Court Order." However, the order authorized the therapist to provide W.G.T.'s attorney with information concerning the child's therapy and required the therapist "to accept input from counsel for the father."
W.G.T.'s petition requests visitation with his son and alleges that his son's therapist has indicated "that she cannot convey any information regarding the health, welfare, or overall well-being of the child to the petitioner without a court order directing her to do so." Notably absent from W.G.T.'s petition is an allegation that the therapist recommends that contact between the father and son be resumed.
We affirm the trial court's denial of visitation, because there has been no allegation that visitation or contact has been recommended by the child's therapist, a prerequisite for this relief. However, we remand to the trial court for reconsideration of W.G.T.'s request that he be provided "with up-to-date information regarding the child's health, education, and overall well-being on a monthly basis, and occasional photographs of the child" by C.B.T.'s therapist. We believe that the order of December 23, 1993, authorizing the therapist to provide information to counsel for the father, may fairly be read to allow W.G.T. to receive reports about his son's welfare through counsel. The contents and in-depth nature of these reports, as well as the frequency at which they are provided, are matters to be determined by the trial court.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.